IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **1211 NORTH 2190 WEST EQUITY, TJSC, ATTORNEY *PRO SE*,**<br><br>Plaintiff,<br><br>v.<br><br>**VANDYK MORTGAGE CORP., WELLS FARGO HOME MORTGAGE, MORTGAGE ELECTRONIC REGISTRATION SERVICES, INC., GOVERNMENT NATIONAL MORTGAGE ASSOCIATION, JAMES H. WOODALL, AND DOES I-X,**<br><br>Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:14-cv-00929-DAK-EJF<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Evelyn J. Furse |

The undersigned RECOMMENDS dismissing the claims against VanDyk Mortgage Corporation, Wells Fargo Home Mortgage, Mortgage Electronic Registration Services, Inc., Government National Mortgage Association, James H. Woodall, and Does I-X without prejudice for lack of jurisdiction.

On January 20, 2015, Wells Fargo Home Mortgage, Mortgage Electronic Registration Services, Inc., and Government National Mortgage Association (collectively, the "Wells Fargo Defendants") moved to dismiss the claims against them pursuant to Rule 12 of the Federal Rules of Civil Procedure and local rules DUCiv R 83-1.3 and DUCiv R 7-1 on the grounds that Plaintiff 1211 North 2190 West Equity, TJSC cannot appear *pro se* because it is a corporate entity. (ECF No. 6.)  On February 13, 2015, Defendant VanDyk Mortgage Corporation joined the Wells Fargo Defendants' Motion and also moved to dismiss the case against it for lack of

personal jurisdiction due to insufficient process and insufficient service of process.  (ECF No. 7.) Plaintiff 1211 North 2190 West Equity, TJSC has not opposed either motion and has taken no action on the case in the months since the Defendants filed the motions.

"[A] corporation must be represented by an attorney to appear in federal court."  *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) (citing *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001) ("[A] corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."), among others).  Thus, unlike *pro se* individuals, business entities may not submit and sign court filings on their own behalf.

Plaintiff 1211 North 2190 West Equity alleges in its Complaint that it is a Joint Stock Company organized under the laws of the State of Texas.  (Compl. ¶ 1, ECF No. 2-1.)  Plaintiff further alleges that it appears in this matter as "attorney *Pro se*."  (Compl. ¶ 18, ECF No. 2-1.) However, as a business entity, Plaintiff 1211 North 2190 West Equity may appear in federal court only through a licensed attorney.  *Tal*, 453 F.3d at 1254; *see also* DUCiv R 83-1.3(c) ("No corporation, association, partnership or other artificial entity may appear pro se but must be represented by an attorney who is admitted to practice in this court.").  Damion Emholtz, a trustee who purports to represent the entity in this matter, signed the complaint as "attorney *Pro se*."  (*See* Compl. 11–12, ECF No. 2-1.)  The record gives no indication that Mr. Emholtz is admitted to practice law before this Court, and the docket sheet shows that 1211 North 2190 West Equity does not currently have attorney representation.  Because a business entity may not proceed in court *pro se*, and no licensed attorney has entered an appearance on behalf of 1211 North 2190 West Equity, the undersigned RECOMMENDS the District Court regard 1211 North

2190 West Equity's Complaint as a nullity and find it lacks jurisdiction to hear the case.  *See Gililland Energy Corp. v. Union Texas Exploration Corp.*, 948 F.2d 1294, at *1 (10th Cir. 1991).

## RECOMMENDATION

For these reasons, the undersigned RECOMMENDS the District Court dismiss the claims against VanDyk Mortgage Corporation, Wells Fargo Home Mortgage, Mortgage Electronic Registration Services, Inc., Government National Mortgage Association, James H. Woodall, and Does I-X without prejudice.

The Court will send copies of this Report and Recommendation to the parties who are hereby notified of their right to object to the same.  The parties are further notified that they must file any objection to this Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of receiving it.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 2nd day of September, 2015.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge